5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 18 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CR B-95-138-03 |
| | § | |
| JUAN F. ANAYA, | § | |
| Petitioner-Defendant | § | |
| (CA B-00-0120) | § | |

### GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

1.

On August 10, 2000, the court ordered the Government to respond to Anaya's 28 U.S.C. §2255 motion filed on August 3, 2000, by September 25, 2000. The Government moves to dismiss and, in the alternative, moves for summary judgment.

2.

Anaya was charged in the Southern District of Texas, Brownsville Division, in Count One with conspiracy to possess with intent to distribute a controlled substance, in violation Title 21 U.S.C. §846, 841(a)(1) and 841(b)(1)(D); in Count Two with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(D); in Counts Three, Four and Five with carrying firearms and ammunition in relation to a drug trafficking offense, in violation 18 U.S.C. §924(c)(R. 1)[1]. After making bond in the instant case, Anaya

---

[1] "R" refers to the record documents. The number proceeding "R" refers to the identification of such document within the criminal docket sheet. "PSR" refers to the Pre Sentence Investigation Report. The number immediately

became involved in a state violation involving his theft of a Suburban from a Houston mall parking lot on August 7, 1995, which culminated in a multi-county high speed chase resulting in his arrest. On December 6, 1995, Anaya was sentenced in state court to eight years imprisonment for theft of the Suburban, to run concurrent with another eight years he received upon the revocation of his state probation for burglary of a habitation, which he committed one year earlier (PSR. 34, 35).

Returning to the instant case, he pled guilty to Count Two on February 29, 1996, in conformance with a Fed. R. Crim. P. 11(e)(1)(B) plea agreement, before the Honorable Filemon B. Vela (R. 52). In the plea agreement, in exchange for Anaya's plea of guilty to Count Two, the Government agreed to, recommend Anaya receive full credit for "Acceptance of Responsibility", be sentenced to the bottom of the Guideline level he scored, and to move for the dismissal of the remaining counts at sentencing (PSR 6).

The probation department scored him at base offense level 14, assessed a two level upward adjustment for possession of a firearm but scored a three level adjustment for acceptance of responsibility (PSR. 20, 21, 25, 26). His criminal history score placed him in Criminal History Category Five. Anaya filed no objections (PSR Add. P. 15).

On May 20, 1996, at sentencing, the district court sentenced Anaya for Count Two to 30 months imprisonment, to be followed by a three-year term of

---

proceeding it refers to the paragraph number cited.

2

supervised release. He was also ordered to pay $100 in mandatory costs. The original judgment was entered June 12, 1996 (R. 64). The judgement became final on June 22, 1996. (F.R. App. P. 4(b)).

Anaya did not file a direct Appeal. On August 3, 1999, the district court entered an amended judgement under F.R.Cr.P. 36. A comparison of the Amended Judgement to the original Judgement reveals that the original Judgement failed to reflect the dismissal of the remaining counts. The Amended Judgement simply corrected that clerical error. On August 3, 2000, Anaya filed the instant "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255".

2.

Anaya's § 2255, pleading is untimely. On April 24, 1996, a 1-year period of limitation was placed upon the filing of motions under § 2255. The 1-year period runs from the date the judgement of conviction becomes final. Anaya's ability to file such motion expired on June 22, 1997 (one year plus the 10 days after his judgement was entered, with the expiration of the period for filing notice of appeal). The filing of an amended judgement under Rule 36 does not restart Anaya's limitations period. *Rezzonico v. H & R Block*, 182 F.3d 144, 151 (2nd Cir. 1999), *American Federation of Grain v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Compliance with the limitation period is jurisdictional. This court is without jurisdiction to rule upon Anaya' motion as a § 2255.

3

If the pleading is viewed as being in the nature of a § 2241, there is no time limitation for it's filing. Jurisdiction, however, is limited to the district in which Anaya is detained, the Western District of Texas.

3.

The Government denies each and every allegation of fact made by Anaya except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

4.

Anaya' next hurdle relates to the requirement he demonstrate "cause and prejudice" in not pursuing his instant claims on direct appeal. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). In the absence of a "complete miscarriage of justice", which Anaya neither alleges nor proves, Anaya may not bring a collateral assault on his conviction without demonstrating "cause" for not pursuing his claims on direct appeal and "prejudice" which would be suffered for denial of such collateral review. Anaya fails to show either cause or prejudice. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers no cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-32 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

4

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to [the appellant] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.*

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*).

Allegations

5

Assuming Anaya has complied with the necessary prerequisites to bring this action, a careful reading of Anaya's petition suggests two complaints of a constitutional nature, and therefore nominally cognizable under §2255: he complains his attorney was ineffective for failing to request the district court run his federal sentence concurrent with the state sentence he received for the state crime he committed while on federal pretrial release; and that his consecutive sentence is "cruel and unusual". We assume for the purpose of this brief that his attorney did not request the sentences run concurrent.

In order to succeed on the "ineffective assistance" claim, Anaya must establish that trial counsel's actions, "fell below an objective standard of reasonableness" and that ' but for' such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d 193, 196 (5th Cir. 1990). Anaya fails in both regards. Taking the second prong, Anaya can't demonstrate prejudice. The sentencing court has broad discretion in ordering a concurrent or consecutive sentence. See U.S.S.G.§5G1.3. The context of Anaya's crimes, state and federal, further lessen the likelihood the sentencing court would have sentenced him with concurrent sentences. Merely invoking the possibility of concurrent sentences is insufficient to satisfy the "prejudice" prong of Strickland. *United States v. Smith*, 80 F.3d 1188, 1192 (7th Cir. 1996).

As to the "cruel and unusual" claim, applying the "gross disproportionality" analysis to Anaya's sentences in relation to his crimes, Anaya's punishments are on the lenient side. *United States v. Helms*, 897 F.2d 1293, 1299 (5th Cir. 1990);

6

*Hawkins v. Hargett*, 200 F.3d 1279, 1282-85 (10th Cir. 1999)(citing *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680 [1991])

<u>In the context of a § 2241.</u>

Besides having filed the motion in the wrong district, Anaya has other insurmountable hurdles to overcome. In order to bring a § 2241 claim, Anaya must first demonstrate he has exhausted his claims under § 2255 and any available administrative remedies. 28 C.F.R. 542.10. If he was seeking to invoke the "savings clause" of § 2255, permitting a § 2241 motion after becoming ineligible for redress under § 2255, he fails. Such savings clause is limited to "circumstances in which a Supreme Court decision has changed the law of a circuit retroactively in such a way that a prisoner stands convicted for a nonexistent offense, and the prisoner had no reasonable opportunity for a judicial remedy of that fundamental defect before filing the § 2241 proceeding". *Wofford v. Scott*, 177 F. 3d 1236, 1244 (11th Cir. 1999). The savings clause may also be triggered by "actual innocense, which means factual innocense, not merely legal insufficiency". *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611 (1998). Anaya has made no such allegations, and has foregone his earlier opportunities. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

7

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Anaya's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

_____
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, September 15, 2000, addressed to:

Juan F. Anaya
TDCJ-ID No. 736331
W.P. Clements Unit TDCJ-ID
9601 Spur 591
Amarillo, Texas, 79107-9606

MARK M. DOWD
Assistant U.S. Attorney

ClibPDF - www.fastio.com